In the Matter of BRUCHA, Also Known as BERTHA, HERTZBERG,
Petitioner, against MORRIS HERTZBERG, Respondent.

Domestic Relations Court of City of New York, Family Court Division,
New York County, June 4, 1936.

*Paul Windels, Corporation Counsel [Alice E. Trubin* of counsel],
for the petitioner.

*Murray Kurman,* for the respondent.

PANKEN, J. This is an application made by the corporation counsel of the city of New York to vacate an order entered on December 9, 1935, by me, in a proceeding between the parties herein.

The above proceeding originated in the Magistrates' Court of the City of New York, prior to the establishment of the Domestic Relations Court of the City of New York. By virtue of section 4 of this act, establishing this court, all proceedings pending in the said Magistrates' Court of the City of New York were continued in the Family Division of the Domestic Relations Court of the City of New York. The portion of the section that is germane to the application presented to me herein reads as follows: " The Court constituted. From and after midnight on the thirtieth day of September, nineteen hundred thirty-three, the Family Courts then part of the City Magistrates' Court System of the City of New York located in the Boroughs of Manhattan, the Bronx, Brooklyn and Queens shall be discontinued, and the powers and duties of City Magistrates in all Boroughs of said City to deal with cases involving the support of a wife, child or poor relative shall cease and determine."

The board of justices of the Domestic Relations Court has adopted with regard to proceedings which originated in the Magistrates' Court of the City of New York and continued in this court, a policy which to me seems responsive to the intended purposes for which this court was established. That policy is, to as speedily as possible, substitute the petitions in the court by dependents against those charged with the duty of supporting them, for the complaints or information that were lodged originally in the Magistrates' Court. The policy established is intended to carry out the very purposes for which this court was instituted and to make it possible that all proceedings pending in this court be continued and disposed of in a uniform manner. Under the act of the Domestic Relations Court, investigations are required to be made in addition to the presentation of testimony before an order is entered requiring a respondent to contribute to the support of his spouse or other dependents.

Accordingly, when an application was made by the petitioner herein for an increase in the amount ordered for her support and maintenance, and also because of an inordinate number of papers and documents which had accumulated and made the file in the pending proceeding unwieldy, the complaint originating in the Magistrates' Court of the City of New York was dismissed and a new petition ordered by me.

Testimony was taken by me to determine the ability of the respondent to pay an increased amount for the support and maintenance of his spouse. That I believed to be the only question to be passed upon by me. I held that the issue raised by the respondent as to the validity of the marriage between himself and petitioner had already been passed upon by the Magistrates' Court and I held the determination in the said court to be *res adjudicata*. The Appellate Division of the First Department (247 App. Div. 351) held that I should have permitted testimony as to the marriage because a new petition had been filed.

Some time after the decision of the Appellate Division setting aside the order made by me, the petitioner asked leave to withdraw the petition filed by her on the 9th day of December, 1935. It is axiomatic that a proponent in a litigation may either abandon or withdraw the cause from the court. On May 12, 1936, an order was entered by me for the withdrawal of the said petition.

Subsequent thereto this motion was presented to me. Under section 92 of the Domestic Relations Court Act, aside from the law as it has been laid down by the courts of this State, this court has the power to modify, vacate or set aside its own order or judgments. Subdivision 16 of section 92 reads " to modify or vacate any order issued by the court." Obviously the court has the power by express provision of the statute to grant this motion.

The equities are with the petitioner, and it has been affirmatively stated by counsel for the respondent when the matter came on before me that in 1931 it was found by a magistrate that the respondent was married to the petitioner. That admission by the respondent's counsel led me to conclude that there was no need of requiring that the record before the magistrate should be introduced in evidence, or other proof of the determination by the magistrate be submitted. Admissions by his counsel are binding upon the respondent. From that I conclude that the issue has been tried out by a court of competent jurisdiction. To require the petitioner to again present testimony as to the validity of the marriage would put her to unnecessary trouble. Moreover, it would do violence to equity for the respondent at any time when he desires to again raise the question of the validity of the marriage. While he may not raise it in a proceeding to change what has already been ordered, it would seem that he may raise it in any new proceeding, whether such proceeding affects the petitioner or the issue of the marriage.

The equities in the case compel the vacating of the dismissal of the proceedings by me on the 9th day of December, 1935. The dismissal thereof was for the convenience and in pursuance of the

policy of the court and not urged by the petitioner. The law, as I understand it, gives me the power to do so. On both the equities and the law the dismissal is vacated.

With a vacating of the order, dismissing the proceedings that originated in the Magistrates' Court and continued in the Domestic Relations Court of the City of New York, it follows necessarily that the order entered by the magistrate must be reinstated; accordingly the order is reinstated and continued.